## IN RE DISBARMENT OF J. GILBERT JELLE.[1]

October 7, 1932.

No. 29,048.

*Oscar G. Haugland* and *Thomas M. McCabe,* for state board of law examiners.

*Jenswold, Jenswold & Dahle,* for respondent.

Per Curiam.

This is a proceeding in this court by the state board of law examiners for the discipline of J. Gilbert Jelle, respondent herein, an attorney at law of this state.

[1] Reported in 244 N. W. 548.

The facts are stipulated. It appears that respondent was employed by one Ole Week, the executor of the estate of one Max Anderson, in the probating of said estate in the probate court of Lake county; that about November, 1921, final decree of distribution was made in the matter of said estate; that an order was made fixing the inheritance tax to be paid to this state at the sum of $57.41 and some interest; that the executor paid this sum of $57.41 to the respondent about December, 1921, the exact date being unknown, and that respondent promised to pay said inheritance tax with the money so received. No order has been made discharging the executor. Respondent failed to pay the tax and converted or used the money for his own purposes. The matter so remained for some nine years, until December, 1930, when the inheritance tax department of the state discovered the nonpayment of the tax, and on January 5, 1931, notified the executor, Week, and made demand on him for payment. Week then notified respondent, who admitted he had not paid the tax but stated he intended to and would pay it. He failed promptly to do so, and complaint was made to the board of law examiners. On April 18, 1932, the petition and order herein were served on respondent, and on April 19, 1932, respondent borrowed the necessary money and paid said inheritance tax in full, with interest and penalties, amounting in all to $99.69.

The stipulation of facts states that respondent did not intend permanently to retain this money and at all times intended eventually to pay the tax; that at the time he received the money he believed that the determination of the amount of the tax was not final and that the state intended to take proceedings to collect a larger amount, but that the state made no attempt so to do within the time permitted by law; and that respondent was not justified in so believing after December 30, 1921.

It is stipulated that respondent's failure to pay the tax was due to lack of funds, pressure of debts, and general lack of attention to the completion of the proceedings affecting the estate in question.

While there has been censurable delay and neglect in the matter

by this respondent, we do not find the facts sufficient to require discipline on our part at this time.

We do not find it necessary to consider the validity or application of the statute of limitations contained in G. S. 1923 (1 Mason, 1927) § 5697.

The proceeding is dismissed.